IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



PHILLIP J. OSTRANDER,

    Petitioner,

v.                                                      Civil Action No. **3:13cv634**

DIRECTOR, VIRGINIA DEPT. OF CORRECTIONS,

    Respondent.

## MEMORANDUM OPINION

Phillip J. Ostrander, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Ostrander has responded. The matter is ripe for disposition.

### I.     PROCEDURAL HISTORY

#### A.     State Proceedings

After a jury trial and a guilty plea, the Circuit Court for the City of Chesapeake, Virginia ("Circuit Court") entered final judgment against Ostrander for one count of attempted murder and one count of solicitation for murder.[1] The Circuit Court sentenced Ostrander to an active term of thirty years of incarceration. *Commonwealth v. Ostrander*, Nos. CR05–3536 and CR05–3537, at 2 (Va. Cir. Ct. Aug. 22, 2006). On July 30, 2008, the Supreme Court of Virginia

---

[1] On May 22, 2006, Ostrander pled guilty to one count of solicitation for murder. *Commonwealth v. Ostrander*, Nos. CR05–3536 and CR05–3537, at 1 (Va. Cir. Ct. May 22, 2006.) On the same day, Ostrander pled not guilty to attempted murder and the Circuit Court empaneled a jury. *See id.* On May 23, 2006, a jury found Ostrander guilty of attempted murder. *Commonwealth v. Ostrander*, Nos. CR05–3536 and CR05–3537, at 1–2 (Va. Cir. Ct. June 14, 2006.)

refused Ostrander's petition for appeal. *Ostrander v. Commonwealth*, No. 080733, at 1 (Va. July 30, 2008).

On July 30, 2009, Ostrander, by counsel, filed a petition for a writ of habeas corpus in the Circuit Court. Petition for Writ of Habeas Corpus 1, *Ostrander v. Dir., Va. Dep't Corr.*, No. CL09001788–00 (Va. Cir Ct. filed July 30, 2009). On January 4, 2011, the Circuit Court granted counsel's motion to withdraw as counsel of record. *Ostrander v. Dir., Va. Dep't Corr.*, No. CL09001788–00, at 1 (Va. Cir. Ct. Jan. 4, 2011.) On May 24, 2011, the Circuit Court denied Ostrander's habeas petition. *Ostrander v. Dir., Va. Dep't Corr.*, No. CL09001788–00, at 7 (Va. Cir. Ct. May 24, 2011).[2]

Almost two years later, Ostrander filed his notice of appeal on March 18, 2013. On August 5, 2013, the Supreme Court of Virginia dismissed Ostrander's notice of appeal as untimely filed. *Ostrander v. Dir., Va. Dep't Corr.*, No. 130806, at 1 (Va. Aug. 5, 2013).

### B. Federal Habeas Petition

On September 10, 2013, Ostrander filed the present § 2254 Petition in this Court. (§ 2254 Pet. 13.)[3] In his § 2254 Petition, Ostrander contends:

Claim One: Trial counsel rendered ineffective assistance when he advised Ostrander to reject the Commonwealth's plea offer

---

[2] As explained more thoroughly in Part II.D, Ostrander contends that the Circuit Court Clerk's Office repeatedly explained to Ostrander's family that his habeas petition remained under review. Ostrander states that he learned that the Circuit Court had dismissed his habeas petition on February 19, 2013 (Mem. Supp. § 2254 Pet. 3; Pet'r's Resp. 11), and on March 18, 2013, Ostrander filed both a notice of appeal of the Circuit Court's 2011 dismissal of his habeas petition and a motion to reinstate the case on the Circuit Court's docket. *See* Notice of Appeal 1, *Ostrander v. Dir., Va. Dep't Corr.*, No. CL09001788–00, at 1 (Va. Cir. Ct. Mar. 18, 2013); Motion to Reinstate 1, *Ostrander*, CL09001788–00. The Circuit Court granted Ostrander's motion to reinstate and allowed Ostrander to pursue his appeal. *See Ostrander*, No. CL0900178–00, at 1 (Va. Cir. Ct. Mar. 20, 2013).

[3] The Court deems the § 2254 petition filed on the date Ostrander swears he placed the petition in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

|              | with a capped sentence of twenty years in exchange for pleading guilty to both solicitation to commit capital murder and attempted capital murder for hire; |
|---|---|
| Claim Two:   | The Circuit Court erred in denying Ostrander's motion to dismiss on double jeopardy grounds; |
| Claim Three: | The Circuit Court erred in ruling that venue was proper in the City of Chesapeake; |
| Claim Four:  | The Circuit Court erred in refusing to grant a mistrial when the Commonwealth presented evidence of Ostrander's prior criminal record. |

## II. ANALYSIS
### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Ostrander's claim. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

    **(D)**    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    2.    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement of the Statute of Limitations Under 28 U.S.C. § 2244(d)(1)(A)

Ostrander's judgment became final on Tuesday, October 28, 2008, when the time to file a petition for a writ of certiorari expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); *see* Sup. Ct. R. 13(1) (petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). The limitation period began to run the next day, and 274 days of the limitation period elapsed before Ostrander filed his state petition for a writ of habeas corpus on July 30, 2009. *See* 28 U.S.C. § 2244(d)(2). At that point, Ostrander had ninety-one days remaining in which to file his federal habeas petition.

### C. Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its

4

delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citing cases). A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (citation omitted) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)").

Here, the limitation period remained tolled from July 30, 2009 until May 24, 2011, when the Circuit Court dismissed Ostrander's petition for a writ of habeas corpus.

On March 18, 2013, Ostrander filed both a notice of appeal of the Circuit Court's 2011 dismissal of his habeas petition and a motion to reinstate the case on the Court's docket. *See* Notice of Appeal 1, *Ostrander v. Dir., Va. Dep't Corr.*, No. CL09001788–00, at 1 (Va. Cir. Ct. Mar. 18, 2013); Motion to Reinstate 1, *Ostrander*, CL09001788–00. While the Circuit Court granted Ostrander's motion to reinstate and filed his notice of appeal, *see Ostrander*, No. CL0900178–00, at 1 (Va. Cir. Ct. Mar. 20, 2013), the Supreme Court of Virginia subsequently dismissed Ostrander's notice of appeal as untimely filed. *See Ostrander v. Dir., Va. Dep't Corr.*, No. 130806, at 1 (Va. Aug. 5, 2013).[4]

Because Ostrander's appeal was not properly filed, *see Pace*, 544 U.S. at 417, Ostrander lacks entitlement to statutory tolling for the period in which he pursued his untimely appeal. *See, e.g., Escalante v. Watson*, 488 F. Appx 694, 699 (4th Cir. 2012) (refusing to toll limitation period for the time period where the inmate's defective petition for appeal was pending before the Supreme Court of Virginia); *Hines v. Johnson*, No. 2:08cv102, 2009 WL 210716, at *2 (E.D. Va. Jan. 28, 2009) (precluding tolling the time between the state's denial of a habeas petition and the untimely petition for appeal of that decision); *Christian v. Baskerville*, 232 F. Supp. 2d 605,

---

[4] The Circuit Court provided no authority for its decision to allow Ostrander to file a delayed notice of appeal. The Supreme Court of Virginia's ruling apparently reflects a determination that the Circuit Court lacked the authority to take such action.

607 (E.D. Va. 2001) ("[J]ust because a particular application is pending, does not mean that it was properly filed.").

Accordingly, the limitation period began to run on May 25, 2011 and Ostrander had ninety-one days, or until August 24, 2011 to file his federal habeas petition. Ostrander failed to file his federal habeas petition until September 10, 2013, more than two years after the limitation period expired. Thus, the statute of limitations bars the § 2254 Petition unless Ostrander demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling. Ostrander argues entitlement to equitable tolling. However, as discussed below, his § 2254 Petition remains untimely even if one assumed Ostrander demonstrated entitlement to a period of equitable tolling.

**D.  Equitable Tolling**

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace*, 544 U.S. at 418). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Ostrander contends that he only learned of the Circuit Court's May 24, 2011 Order dismissing his habeas petition on February 19, 2013, thus he is entitled to equitable tolling for that period. (Mem. Supp. § 2254 Pet. 3; Pet'r's Resp. 11.) Ostrander alleges that several times during the pendency of his habeas petition in the Circuit Court, his family contacted the Circuit

6

Court to inquire about the status of the petition. (Pet'r's Resp. 2.) Ostrander submits the affidavit of his mother, Lillian Ostrander, who avers that after she learned that Respondent had filed a motion to dismiss in March 2011, she and her daughter began to contact the Circuit Court Clerk to learn of any disposition on the habeas petition. (Pet'r's Resp. Ex. A ("Ostrander Aff.") ¶ 3.) Mrs. Ostrander contacted the clerk's office approximately six times between May or June 2011 and October 2012, to inquire about Ostrander's case. (Ostrander Aff. ¶ 5.) Mrs. Ostrander avers that "[e]ach time [she] spoke with staff at the clerk's office, the staff told me that the court had not issued a decision in the case, that the case was still pending, that the court was under no specific deadline to issue a ruling, and that [Ostrander] would just have to be patient." (*Id.* ¶ 9.) Mrs. Ostrander avers that she stopped calling the clerk in October 2012, because she was suffering from serious health problems. (*Id.* ¶ 7.) Ostrander provides no information about his efforts to find out about the status of his case between October 2012 and February 19, 2013 when Ostrander claims that learned that the Circuit Court had dismissed his habeas petition.

Ostrander arguably demonstrates that he diligently pursued his rights, and that the Circuit Court Clerk's provision of misinformation inhibited him from timely filing an appeal of the dismissal of his habeas petition. *See, e.g., Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (holding that lack of knowledge of court's decision may provide basis for equitable tolling when prisoner acts diligently to seek information about his case); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that inmate who pursued his rights with "diligence and alacrity" and "filed for an out-of-time appeal within three days of allegedly receiving notice of the denial . . . could qualify for equitable tolling"). Nevertheless, even if the Court equitably tolled the limitation period until February 19, 2013,[5] the § 2254 Petition remains untimely.

---

[5] Ostrander's failure to articulate his efforts to ascertain the status of his case between October 2012 and February 19, 2013 likely forecloses equitable tolling for that period. *See*

With the benefit of equitable tolling, the limitation period began to run again on February 20, 2013, the day after Ostrander learned that the Circuit Court dismissed his habeas petition.[6] Ostrander had ninety-one days remaining to file his § 2254 Petition, but failed to file within that time. Instead, the limitation period continued to run an additional 202 days until Ostrander filed the instant § 2254 Petition on September 10, 2013. Because the limitation period ran for a total of 476 days before Ostrander filed his § 2254 Petition, the statute of limitations bars the petition.

---

*Yang*, 525 F.3d at 928 (quoting *Brown*, 512 F.3d at 1307)). Nevertheless, given that the equitable tolling of that period fails to render the § 2254 Petition timely, the Court simply assumes the limitation period remained tolled.

[6] To the extent Ostrander suggests entitlement to equitable tolling for the period after February 19, 2013 while he pursued his untimely appeal, he fails to demonstrate that he pursued his rights diligently during this period or that extraordinary circumstances prevented him from filing his § 2254 Petition. Instead, if Ostrander had any uncertainty about the timeliness of his federal petition, he should have filed "a 'protective' petition" with this Court to "stay and abey the federal habeas proceedings until state remedies [were] exhausted." *Pace*, 544 U.S. at 416 (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (finding a showing of diligence may necessitate a filing of a protective petition in certain circumstances).

### III. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (ECF No. 4) will be GRANTED. The § 2254 Petition will be DENIED and the action will be DISMISSED. A certificate of appealability will be DENIED.[7]

An appropriate Order shall issue.

Date: 5-23-14
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

---

[7] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Ostrander fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.